STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIRALDI
2022 OK 94
Case Number: SCBD-7361
Decided: 11/21/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 94, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DANIEL THOMAS GIRALDI, Respondent.

ORDER APPROVING RESIGNATION PENDING 
DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Daniel Thomas Giraldi (Respondent), OBA No. 21192, from membership in the Oklahoma Bar Association. Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc. Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we make the following findings:

a. During an investigation into allegations of professional misconduct against him, the Respondent offered on November 4, 2022, to surrender his license to practice law and to resign from membership in the Oklahoma Bar Association.

b. The Respondent tendered his resignation freely and voluntarily, without coercion or duress, and he was fully aware of the consequences of submitting his resignation.

c. The Respondent acknowledged that the Complainant's Office of the General Counsel was investigating certain allegations of professional misconduct against him. General Counsel had filed Grievance No. DC-22-58 after becoming aware that Respondent had pleaded guilty on July 13, 2022, to one count of Possession of Oxycodone with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and to four counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346 in the case of United States v. Daniel Thomas Giraldi, No. 4:22-cr-00143-GKF (N.D. Okla. filed Apr. 25, 2022). Respondent admits that, while he was serving as an Assistant District Attorney in the Ottawa County District Attorney's Office, he devised a scheme beginning in or about February of 2019 and continuing until on or about April 19, 2022, to defraud the citizens of Oklahoma and his employer of their right to the honest and faithful services that he owed them in his position through the concealment of material information and the receipt of bribes in exchange for official acts. Specifically, Respondent would receive something of value--including sexual favors from multiple women --in exchange for corrupt actions in his official capacity, including but not limited to the reduction of criminal defendants' bond amounts, the dismissal of traffic violations, and other favorable treatment of criminal defendants in their cases. To advance this scheme and artifice to defraud, Respondent employed wire communications in interstate commerce to transmit sounds and writings, including text messages sent on April 13th and 14th and a phone call placed on April 14th. Respondent further admits to possessing Oxycodone on April 19th with intent to distribute, all in relation to allegations that he traveled interstate to deliver the controlled dangerous substance (CDS) to a woman in exchange for sexual favors. Respondent is currently waiting to be sentenced. Under the applicable statutes, Respondent could be subject for each count of fraud to a sentence of a fine not exceeding $250,000, a term of imprisonment not exceeding 20 years, or both, see 18 U.S.C. §§ 1346, 3571(b)(3), and subject for the count of CDS possession to a sentence of a fine not exceeding $1,000,000, a term of imprisonment not exceeding 20 years, or both, see 18 U.S.C. § 841(b)(1)(C).

d. The Respondent is aware that the allegations concerning the conduct specified above, if proven, would constitute violations of Rules 1.4, 1.6, 1.7, 1.8, 1.10, 8.4(b), and 8.4(c) of the ORPC, 5 O.S.2011, ch.1, app. 3-A; of Rule 1.3 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A; and of his oath as a licensed Oklahoma lawyer.

e. The Respondent further acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former client(s). Should the Oklahoma Bar Association approve and pay such Client Security Fund claims, the Respondent agrees to reimburse the fund for both the principal amount and the applicable statutory interest before filing any application seeking reinstatement.

f. The Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation; he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc.

g. The Respondent has agreed to comply with Rule 9.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc, and the Respondent acknowledges he may be reinstated to practice law only upon providing proof of substantial compliance with Rule 9.1.

h. The Respondent's resignation pending disciplinary proceedings is in compliance with Rule 8.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc.

i. The Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows:

Daniel Thomas Giraldi
3326 S. Highland Ave.
Joplin, MO 64804

j. In its application, the Complainant indicated that no costs were incurred in this matter and that no reimbursement would be necessary.

k. The Respondent's resignation should be approved.

l. This Order accepting the Respondent's resignation is to be effective as of November 8, 2022, the date the application for approval of his resignation was filed in the Court.

¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective November 8, 2022.

¶3 It is further ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to November 8, 2027.

¶4 It is further ORDERED that the Respondent comply with Rule 9.1 of the RGDP, 5 O.S.2011, ch. 1, app. 1-A, by no later than December 12, 2022.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 21st day of November, 2022.

 

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.